103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert SHEPHERD, Plaintiff-Appellee,
v.
Thomas C. BOYSEN; et al., Defendants-Appellees.
 No. 94-6530.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1996.
 
 Before: NELSON and NORRIS, Circuit Judges; COHN, District Judge.*
 OPINION
 PER CURIAM.
 
 
 1
 Defendant, Thomas C. Boysen, appeals the district court's dismissal without prejudice of certain pendent state-law claims brought by plaintiff, Robert Shepherd. We discern no abuse of discretion by the district court and therefore affirm.
 
 
 2
 Because the facts of this case are not in dispute, we need not recite them beyond stating that plaintiff's lawsuit was premised upon 42 U.S.C. § 1983 and raised claims related to his termination from a position within the Harlan County, Kentucky, school system. His complaint also included state-law claims, among them a claim that the conduct of defendant Thomas Boysen amounted to intentional interference with contractual relations under Kentucky law. Only this claim is at issue on appeal.
 
 
 3
 The district court partially granted defendant's summary judgment motion in an order dated March 2, 1994. Although this order dismissed the state-law claims without prejudice, a subsequent opinion and order, accompanied by a judgment entry, dismissed the entire complaint with prejudice. Plaintiff filed a motion to alter or amend under Fed.R.Civ.P. 59(e), arguing that he had refiled his intentional interference claim in state court in reliance on the district court's order of March 2, 1994. The court granted the motion and directed that the state-law claims be dismissed without prejudice in an order dated June 22, 1994. Defendant then filed his own motion to alter or amend, arguing that all claims should have been dismissed with prejudice. In its modified judgment of October 19, 1994, the court denied the motion as to the intentional interference claim.
 
 
 4
 A district court's dismissal of a party's pendent state-law claims under 28 U.S.C. § 1367(c) is reviewed for abuse of discretion. Hankins v. The Gap, Inc., 84 F.3d 797, 802 (6th Cir.1996). Defendant argues that the district court erred in dismissing plaintiff's surviving state-law claim without prejudice because the court effectively determined, in deciding to dismiss plaintiff's federal claims, that all of his state-law claims lacked merit as well. The problem with defendant's argument is that the merit, or lack thereof, of plaintiff's intentional interference claim is not at issue before this court.
 
 
 5
 Section 1367 explicitly provides that a district court may decline to exercise supplemental jurisdiction over a plaintiff's pendent state-law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction over a particular state-law claim, a district court should weigh the interests of judicial economy and the avoidance of a multiplicity of litigation against the threat of needlessly deciding state-law claims. Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir.1993). When the court declined to exercise jurisdiction over plaintiff's state-law claims, it had dismissed all of his federal claims. Moreover, in deciding to dismiss plaintiff's intentional interference claim without prejudice, the court specifically took into consideration the fact that plaintiff had relied in good faith on its order of March 2, 1994, when he refiled the claim in state court. Given the district court's explanation for its modified judgment of October 19, 1994, we cannot say that the court abused its discretion in dismissing the state-law claim at issue without prejudice.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation